[No. A026102. First Dist., Div. Five. Nov. 19, 1984.]

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715, AFL-CIO, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY et al., Respondents.

1006

COUNSEL

Stewart Weinberg, Van Bourg, Allen, Weinberg & Roger and Van Bourg, Weinberg, Roger & Rosenfeld for Petitioner.

Raymond L. Wheeler, Jonathan V. Holtzman and Morrison & Foerster for Respondent.

OPINION

LOW, P. J.—Upon the application of Service Employees International Union, Local 715, AFL-CIO (Union), we ordered the Superior Court of

Santa Clara County (Court) to show cause why a writ of mandate issued upon the order of Division Four of this court in *Service Employees Internat. Union* v. *Superior Court* (1982) 137 Cal.App.3d 320, 327 [187 Cal.Rptr. 9], should not be enforced. (Code Civ. Proc., § 1097; cf. *King* v. *Woods* (1983) 144 Cal.App.3d 571, 578-579 [192 Cal.Rptr. 724].) On the basis of facts furnished by the parties in response to our inquiry, we conclude that Union has not shown a violation of Division Four's writ. Accordingly, we discharge the order to show cause.

Division Four adjudicated the question whether Court's courtroom clerks were county employees to whom a memorandum of understanding entered into between Union and Santa Clara County, under the Meyers-Milias-Brown Act (Gov. Code, §§ 3500-3510), was applicable. It directed Court "to comply with the memorandum of understanding negotiated between the County of Santa Clara and [Union], as to the courtroom clerks only" (*Service Employees Internat. Union* v. *Superior Court, supra,* 137 Cal.App.3d at p. 327); its writ issued accordingly.

Division Four's opinion recites that it had before it a memorandum of understanding entered into "for the period July 1981-June 1983 . . . ." (*Id.,* at p. 322.) There is no dispute that the 1981-1983 memorandum of understanding expired at the end of June 1983, and was replaced by a new memorandum of understanding which is now in effect. Neither Division Four's opinion nor its writ refers to any memorandum of understanding other than that which was before it.

In its application for enforcement, filed herein in February 1984, Union's only dated allegations were (1) that in December 1983 Court had appointed four courtroom clerks without complying with procedures made applicable by the memorandum of understanding, and (2) that Court "now" and "[a]t the present time" (early 1984) takes the position that the memorandum of understanding does not apply to courtroom clerks. Union also alleged that "numerous grievances have arisen" regarding courtroom clerks, but did not say when. None of these allegations can be sufficiently related to the 1981-1983 memorandum of understanding to which Division Four's writ is addressed. It follows that Union has not demonstrated a violation of the writ it seeks to enforce. Nor can it project a future violation with respect to a memorandum of understanding which expired more than a year ago. The order to show cause must be discharged.

The parties have briefed this matter upon the assumption that Division Four's writ remains applicable. Much of their analysis has been directed to Santa Clara County Superior Court rule 25 (hereafter Local Rule 25), adopt-

ed by Court in mid-1981, as it may bear upon the question whether courtroom clerks are county employees. Local Rule 25 reads as follows:

"Pursuant to the authority contained in Government Code [section] 69898, the Court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, the administrative duties and responsibilities of the County Clerk with respect to the employment of personnel whose principal activities are to serve the courts in the following capacity:

"Superior Courtroom Clerk

"Supervisor Court Div. (Supv. Legal Clerk II)

"Probate Examiner

"Nothing contained herein shall be construed to in any way affect the constitutional office of Clerk of the Superior Court exercised ex officio by the County Clerk, nor is this rule intended to diminish or in any way impair the authority of the office of Clerk of the Superior Court."

The effect of Local Rule 25 under the *1981-1983* memorandum of understanding is not relevant to this proceeding. Nevertheless, the parties have briefed the issue and disagree as to whether the Court's courtroom clerks are county employees. The current memorandum of understanding is applicable only to county employees, but it does not define the term. ■ Under general principles of law, several factors—power of appointment, right to control, power to discharge, payment of salary, nature of services, civil service status—will enter into a determination whether a given person employed in a position related to Court's functions is a court employee or a county employee. (*Service Employees Internat. Union* v. *Superior Court, supra,* 137 Cal.App.3d at pp. 325-326.) ■ Local Rule 25 represents a proper exercise of authority delegated to superior courts by virtue of Government Code section 69898 (cf. *St. John* v. *Superior Court* (1978) 87 Cal.App.3d 30, 36-42 [150 Cal.Rptr. 697]). ■ We are satisfied that Local Rule 25 effects a shift in the balance of relevant factors sufficient to establish that courtroom clerks are court employees, and, therefore, that they are not county employees subject to the current memorandum of understanding.

The order to show cause is discharged. The application for enforcement is denied.

King, J., and Haning, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 16, 1985.