[No. C000506. Third Dist. May 27, 1988.]

SACRAMENTO COUNTY EMPLOYEES ORGANIZATION,
Plaintiff and Appellant, v.
COUNTY OF SACRAMENTO et al., Defendants and Respondents.

846

■■■■■■■■■■■■■■■

## Counsel

Mark R. Kruger, Richard Chiurazzi, Mastagni, Holstedt & Chiurazzi, Nancy Kirk and Kanter, Merin, Dickstein & Kirk for Plaintiff and Appellant.

L. B. Elam, County Counsel, and J. Steven Burris, Deputy County Counsel, for Defendants and Respondents.

## Opinion

SIMS, J.—This case is another skirmish in the ongoing battle over whether employees working in the courts of this state are entitled to bargain collectively with their employer under the Meyers-Milias-Brown Act. (Gov. Code, §§ 3500-3510, hereafter referred to as the MMBA.)[1] (See *Service Employees Internat. Union* v. *Superior Court* (1984) 161 Cal.App.3d 1005 [208 Cal.Rptr. 48]; *Service Employees Internat. Union* v. *Superior Court* (1982) 137 Cal.App.3d 320 [187 Cal.Rptr. 9].)

Sacramento County Employees Organization (SCEO) appeals from a judgment denying a petition for a writ of mandate.[2] SCEO alleges it represents various employees who staff the superior and municipal courts in Sacramento. The affected employees working in the superior courts are court reporters, legal secretaries, transcribers and process clerks.[3] The em-

---

[1] All further statutory references are to the Government Code.

[2] Initially, SCEO filed a petition for writ of mandate in this court. After issuing an alternative writ, we concluded upon review in an unpublished opinion that there were "numerous factual disputes surrounding the duties of persons who perform work or services useful to the courts. These persons occupy various positions ranging from clerks to court reporters." We thus discharged the alternative writ and dismissed the petition without prejudice to any subsequent proceedings in superior court, a forum better suited to conduct a trial for the resolution of factual questions. (3 Civ. 23742, filed Nov. 8, 1984.) We now review those proceedings.

[3] The parties agree that courtroom clerks working in superior court appointed by and under the control of the county clerk are county employees and not a part of this lawsuit.

ployees working in the municipal courts are account clerks, associate process clerks, cashier clerks, court process specialists, data entry operators, deputy clerks, legal secretaries, courtroom clerks, and senior process clerks.

SCEO seeks to compel respondents County of Sacramento, "Sacramento County Superior Court" and "Sacramento County Municipal Court" to meet and confer regarding the terms and conditions of employment of these employees pursuant to the MMBA. The parties dispute whether persons who work in the courts are governed by the collective bargaining protections of the MMBA. Respondents argue such personnel are employees of the courts and not of the county. They also assert the courts are not subject to the MMBA.

Until early 1983, the county treated the affected employees as if they were county employees covered by the MMBA. In March of that year, the county notified SCEO that the employees were not covered by the MMBA or by any labor agreement. The county also disputed SCEO's right to represent those employees.

This new position was based upon the opinion of the First District Court of Appeal in *Service Employees Internat. Union* v. *Superior Court, supra,* 137 Cal.App.3d 320 (*Service Employees I*). Faced with a similar dispute between the union and Santa Clara County, the court there held that certain personnel working in the Santa Clara County Superior Court were employees of the court and therefore not covered by the MMBA. (*Id.,* at p. 326.)

The trial court here, in reliance upon *Service Employees I,* ruled that the employees in question were court employees not covered under the MMBA.

SCEO argues the trial court erroneously concluded the employees are court, not county, employees. They also contend that even if the personnel in question are employees of the courts, they are entitled to bargain with the courts under the MMBA.

We conclude that the employees here are court employees. We also conclude that employees of the Sacramento municipal court or superior court are not covered by the MMBA. Accordingly, we shall affirm the judgment.

## DISCUSSION

We shall discuss serially the situations in the superior court and the municipal court.

## I

### *Superior Court Employees*

■ The MMBA imposes upon public agency employers the obligation to meet and confer with representatives of their employees. (§ 3505.) "Public agency" is defined as "every governmental subdivision, every district, every public and quasi-public corporation, every public agency and public service corporation and every town, city, county, city and county and municipal corporation, whether incorporated or not and whether chartered or not."[4] (§ 3501, subd. (c).)

Despite its seemingly open-ended language, the MMBA applies only to *local* governmental entities and their employees. "The MMBA has two stated purposes: (1) to promote full communication between public employers and employees, and (2) to improve personnel management and employer-employee relations. (§ 3500.) To effect these goals the act gives *local government employees* the right to organize collectively and to be represented by employee organizations (§ 3052), and obligates employers to bargain with employee representatives about matters that fall within the 'scope of representation' (§§ 3504.5, 3505)." (*Building Material & Construction Teamsters' Union* v. *Farrel* (1986) 41 Cal.3d 651, 657 [224 Cal.Rptr. 688, 715 P.2d 648], italics added; see *County Sanitation Dist. No. 2* v. *Los Angeles County Employees' Assn.* (1985) 38 Cal.3d 564, 571, fn. 13 [214 Cal.Rptr. 424, 699 P.2d 835]; Grodin, *Public Employee Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1972) 23 Hastings L.J. 719, 720-721.)

SCEO correctly contends the county is a local public agency under the MMBA. (§ 3501, subd. (c).) SCEO also contends that those working in the superior court are employees of the county, not the court, so they have a right to bargain with the county.

In *Service Employees I, supra,* 137 Cal.App.3d 320, the Court of Appeal reasoned that whether particular employees work for the county or the superior court was a factual question to be determined by consideration of several factors including: (1) the right to control the duties of employees; (2) the power to discharge employees; (3) payment of salary; (4) the nature of the services; and (5) the parties' belief as to the employment relationship. (*Id.,* at pp. 325-326.)

---

[4]Section 3501 excludes from the definition of a public agency local school districts, boards of education, superintendents of schools and school district personnel commissions. (*Id.,* subd. (c).)

The court concluded that employees in Santa Clara County similar to those here[5] were court employees. (*Id.,* at p. 326.) The evidence showed that this group of employees was supervised by the court executive officer. (See § 69898.)[6] These employees had been appointed pursuant to statutory authorization. They were exempt from civil service. They were appointed by, and served at the pleasure of, the court. Moreover, the court had the exclusive right to control the duties of the employees. While their salaries were paid by the county and they received county benefits, the employees were found to be employees of the superior court because their duties were controlled by the court. (*Service Employees I, supra,* 137 Cal.App.3d at pp. 324-326.)

In contrast, the court concluded that other employees—courtroom clerks—were county employees. (*Id.,* at pp. 324-327.) They were appointed by the county clerk, a county officer. They were members of civil service and were hired, fired, promoted and disciplined according to county civil service rules. Their positions and salaries were set by the county board of supervisors. Moreover, while they were subject to control by the court, they were also subject to control by the county clerk. (*Ibid.*)

---

[5] The Santa Clara employees were described by the Court of Appeal as including "commissioners, referees, reporters, secretaries, legal research assistants, and stenographers." (*Service Employees I, supra,* 137 Cal.App.3d at p. 325.)

[6] That section provides: "(a) Any superior court may appoint an executive officer who shall hold office at the pleasure of the court and shall exercise such administrative powers and perform such other duties as may be required of him by the court. The court shall fix the qualifications of the executive officer and may delegate to him any administrative powers and duties required to be exercised by the court. He shall supervise the secretaries of the judges of the court and perform, or supervise the performance of, the duties of jury commissioner. The salary of the executive officer shall be fixed by the court and shall be paid by the county in which he serves. Each such position shall be exempt from civil service laws.

"Any superior court may appoint the county clerk as executive officer, who shall hold office as such executive officer at the pleasure of the court and shall exercise such administrative powers and perform such other duties as may be required of such person by the court.

"(b) Any superior court for which a specific authorization to have an executive or administrative officer has been enacted by the Legislature may elect to proceed under its specific authorization or under this section, but not under both.

"(c) In every superior court having an executive or administrative officer appointed under the provisions of this section or under a specific statutory authorization, that officer has the authority of a clerk of the superior court.

"(d) Notwithstanding any other provision of law, a superior court having an executive or administrative officer may, by local rule, specify which of the powers, duties and responsibilities required or permitted to be exercised or performed by the county clerk in connection with judicial actions, proceedings and records shall be exercised or performed by the executive or administrative officer. The county clerk shall be relieved of any obligation imposed on him by law with respect to these specified powers, duties and responsibilities, to the extent the local rule imposes on the executive or administrative officer the same powers, duties and responsibilities."

In *Service Employees Internat. Union* v. *Superior Court, supra,* 161 Cal.App.3d 1005 (*Service Employees II*), the court reexamined the status of the Santa Clara County courtroom clerks previously found to be county employees. (*Id.,* at pp. 1007-1008.) Between the filing of the two lawsuits, the judges of the superior court adopted a local rule empowering the executive officer of the superior court to exercise the "administrative duties and responsibilities of the County Clerk with respect to the employment of personnel whose principal activities are to serve the courts . . . ." (*Id.,* at p. 1008.) The court held that the local rule "represents a proper exercise of authority delegated to superior courts by virtue of . . . section 69898," an exercise of authority sufficient to divest the county clerk of the power to control the employees. Consequently, although the courtroom clerks' other conditions of employment remained the same, the change in control from county clerk to court was sufficient to make the courtroom clerks employees of the court. (*Ibid.*)

■ The lesson to be learned from these cases is that where courtroom personnel are subject to control by the county clerk, they may be found employees of the county. (*Service Employees I, supra,* 137 Cal.App.3d at p. 326.) However, where courtroom personnel are under the exclusive control of the court (through the executive officer or administrator of the court), they are employees of the court. (*Ibid.; Service Employees II, supra,* 161 Cal.App.3d at p. 1008.)

This conclusion is in accord with the established rule that, "In determining whether a person is an employee . . . the most important factor is the right to control the manner and means by which the work is to be performed." (*Societa per Azioni de Navigazione Italia* v. *City of Los Angeles* (1982) 31 Cal.3d 446, 457 [183 Cal.Rptr. 51, 645 P.2d 102].) Moreover, we find it untenable that the Legislature contemplated that employees subject to the exclusive control of the court would be able to bargain over working conditions (see § 3504) with the *county,* which is a part of a separate branch of government.

■ The employees working in the superior court in Sacramento County are appointed by the court pursuant to statutory authority. (§ 69893.5.) No provisions are made for these employees to join civil service. SCEO conceded at oral argument that the employees are subject to the exclusive control of the superior court. Since the employees working in the superior court are subject to the exclusive control of the court, they are employees of the court, not of the county. (*Service Employees II, supra,* 161 Cal.App.3d at p. 1008.)

█ SCEO also contends that even if those working in the superior court are employees of the court, the superior courts are public agencies within the meaning of the MMBA, so they have a duty to bargain with their employees. However, the superior courts are not governmental subdivisions nor are they agencies of local government. (See § 3501, subd. (c).) Instead, they make up a part of the system of state courts and exercise the judicial power of the state. (Cal. Const., art. VI, §§ 1, 4-5.) "The superior courts of the state of California, while located and functioning in the several counties of the state, are not local or county courts, but constitute a system of state courts, being vested with and exercising the judicial power of the state under the express terms of section 1 of article VI of the state constitution." (*Sacramento etc. D. Dist.* v. *Superior Court* (1925) 196 Cal. 414, 432 [238 P. 687]; see also *Wilson* v. *Walters* (1941) 19 Cal.2d 111, 119 [119 P.2d 340].) Superior courts are not public agencies within the meaning of the MMBA. (See *Service Employees I, supra,* 137 Cal.App.3d at pp. 323-326.)

SCEO relies upon language from our Supreme Court's opinion in *International Brotherhood of Electrical Workers* v. *City of Gridley* (1983) 34 Cal.3d 191 [193 Cal.Rptr. 518, 666 P.2d 960], to support its assertion that the employees here have the right under the MMBA to bargain with the courts. In that case, the court reviewed section 3502[7] and concluded its "provisions suggest that the power to enact restrictions on the right of employees to be represented by organizations of their own choosing is reserved to the state Legislature." (*Id.,* at p. 198.) SCEO argues this language means that if the MMBA fails to authorize bargaining with the court but also fails to prohibit it, the court's employees are entitled to bargain.

We think SCEO reads too much into this remark in *City of Gridley.* In that case, there was no dispute that the employees of the city were covered by the MMBA. At issue was whether the city could revoke recognition of a union as a sanction for an illegal strike. The court construed section 3502 merely to guarantee public employees the right to join the union of their choice (*City of Gridley, supra,* 34 Cal.3d at pp. 198-199), not to grant a right to bargain with a public employer in the absence of other statutory authority. Sections 3502 and 3506[8] were designed to prohibit discrimination against

---

[7] Section 3502 provides: "Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations. Public employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public agency."

[8] Section 3506 provides: "Public agencies and employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights under Section 3502."

unions and interference with union membership. (Grodin, *op. cit. supra,* at pp. 727-728.)

■ It has long been settled that absent specific statutory authorization, public employees have no right to bargain collectively. (*City of Hayward* v. *United Public Employees* (1976) 54 Cal.App.3d 761, 763 [126 Cal.Rptr. 710]; *Sacramento County Employees Organization, Local 22 etc. Union* v. *County of Sacramento* (1972) 28 Cal.App.3d 424, 428 [104 Cal.Rptr. 619]; *City of San Diego* v. *American Federation of State etc. Employees* (1970) 8 Cal.App.3d 308, 310-313 [87 Cal.Rptr. 258], and authorities cited therein.) *City of Gridley* did not stand this precedent on its head.

■ Thus, the issue is properly addressed by focusing on those to whom the Legislature has *granted* the right to bargain. In the MMBA, the Legislature extended that right to employees of local public agencies. Unlike the City of Gridley, the superior court is not a local public agency. Since the employees at issue in this case are employees of the superior court, the Legislature has granted them no right to bargain under the MMBA.[9]

SCEO argues the employees' right to bargain is aided by *Regents of University of California* v. *Public Employment Relations Bd.* (1986) 41 Cal.3d 601 [224 Cal.Rptr. 631, 715 P.2d 590]. There the court held that medical interns, residents and clinical fellows were entitled to bargain with the University of California. (*Id.,* at pp. 604, 624.) However, that case turned upon the construction of a statute—section 3562, subdivision (f)[10]— bearing no similarity to any provisions of the MMBA. (See *id.,* at p. 604.) The case is therefore inapposite.

## II

### *Municipal Court Employees*

■ Those who work in the Sacramento municipal courts are appointed by and serve at the pleasure of the court administrator who is also the clerk

---

[9] In this case we are concerned only with the MMBA. No other statutes granting public employees bargaining rights are at issue. (See, e.g., §§ 3512-3524 [the Ralph C. Dills Act, formerly known as the State Employer-Employee Relations Act (SEERA)].)

[10] Section 3562, subdivision (f) provides: " 'Employee' or 'higher education employee' means any employee of the Regents of the University of California, the Directors of Hastings College of the Law, or the Board of Trustees of the California State University, whose employment is principally within the State of California. However, managerial, and confidential employees shall be excluded from coverage under this chapter. The board may find student employees whose employment is contingent on their status as students are employees only if the services they provide are unrelated to their educational objectives, or, that those educational objectives are subordinate to the services they perform and that coverage under this chapter would further the purposes of this chapter."

of the court. (§ 74192.) SCEO concedes that their duties are controlled exclusively by the court. For reasons previously discussed, we think it clear that the affected employees are employees of the municipal court and not of the county.[11]

■ However, whether the municipal court is a local agency subject to the MMBA is a closer question. Unlike the superior court, "The constitutional and statutory provisions authorizing and governing municipal courts, considered in connection with the purpose and effect of the establishment of such courts, lead to the conclusion that they have been impressed with a local character." (See *Villanazul* v. *City of Los Angeles* (1951) 37 Cal.2d 718, 723 [235 P.2d 16].) As SCEO correctly points out, for purposes of respondeat superior liability the municipal court has been held to be "essentially . . . a creature of the county." (*Id.*, at pp. 724-725.)[12]

Although the municipal court is considered a county employer for purposes of tort liability, the obligations and rights of employers and employees may change according to the statutory context in which the employment relationship is examined. (See *Knight* v. *Bd. etc. Employees' Retirement* (1948) 32 Cal.2d 400, 402 [196 P.2d 547, 5 A.L.R.2d 410]; *Grubb & Ellis Co.* v. *Spengler* (1983) 143 Cal.App.3d 890, 895-898 [192 Cal.Rptr. 637].)

Here, various provisions of the Government Code clearly demonstrate the Legislature did not grant the employees of the municipal courts in Sacramento County bargaining rights under the MMBA. Put differently, the Sacramento Municipal Court is not a public agency subject to the MMBA. (§ 3501, subd. (c).)

■ " 'The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] ■ Moreover, "every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." [Citation.]' (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [].) A construction rendering statutory language surplusage ' "is to be avoided." ' (*Moyer* v. *Workmen's*

[11] We shall also discuss *post* why section 74196 demonstrates these empoyees are not county employees.

[12] The county also cites *Hamilton* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 542 [242 Cal.Rptr. 67], in which the appellate court, relying upon *Villanazul*, held that the municipal court was a county employer for purposes of payment of workers' compensation benefits. On March 3, 1988, the case was ordered depublished by our Supreme Court.

*Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [ ]; *People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [ ].)" (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 484-485 [208 Cal.Rptr. 724, 691 P.2d 272].)

 Consequently, we have an obligation to construe the MMBA in harmony with other statutory provisions to determine whether the Legislature intended to grant bargaining rights to employees working in the municipal courts of Sacramento.

Pursuant to section 74196,[13] attachés and employees of the municipal court in Sacramento County are granted the same right to anniversary dates, salary step increases, vacation, sick leave, leave of absence, overtime, reinstatement "and similar privileges and benefits provided for the officers and employees of the County of Sacramento in the manner provided in the Sacramento County Personnel Ordinance or applicable agreements with recognized employee organizations." (*Id.,* subd. (a).) Moreover, the same statute requires that the provisions of the county civil service system shall apply to these attachés and employees "in the same manner and to the same extent" as they do to the employees of the county, and that the Civil Service Commission shall exercise the same jurisdiction over these employees as it does over county employees. (*Id.,* subd. (b).)

Under this statutory scheme, attachés and employees in the Sacramento Municipal Court are granted parity with county employees in essential

---

[13]Section 74196 provides: "(a) All attachés and employees of the Sacramento Municipal Court District shall be entitled to anniversary dates and salary step increases and shall receive the same vacation, sick leave, leave of absence, overtime, reinstatement, and similar privileges and benefits provided for the officers and employees of the County of Sacramento in the manner provided in the Sacramento County Personnel Ordinance or applicable agreements with recognized employee organizations. Rights provided by the county to return to formerly held employment in county civil service shall be applicable only to the positions of administrator and marshal.

"(b) Except as otherwise provided in this article, the provisions of the Sacramento County Charter relating to the civil service system of the county and the rules of the Civil Service Commission adopted pursuant thereto shall be applicable to all attachés and employees of the Sacramento Municipal Court District in the same manner and to the same extent as applicable generally to the officers and employees of Sacramento County. The Sacramento County Civil Service Commission shall exercise the same jurisdiction over the attachés and employees of the Sacramento Municipal Court District as it exercises over the officers and employees of the county.

"(c) The provisions of subdivision (b) shall not apply to any officer or employee in a position which this article expressly provides is not to be deemed a part of county civil service.

"(d) Whenever reference to a numbered salary range is made in any section of this article, the range referred to is one of the ranges provided for in Section 2.78.410(d) of the Sacramento County Personnel Ordinance."

terms of their employment that otherwise would be the subject of bargaining with the court under the MMBA. (See § 3504.) If these employees had the right to bargain with the court over benefits and salary for which they have been granted statutory parity with county employees, section 74196 would be rendered superfluous, in violation of the most basic principles of statutory construction. (See *Brown* v. *Superior Court, supra,* 37 Cal.3d at p. 485.) We must therefore infer that the Legislature did not intend that employees of the Sacramento Municipal Court would bargain with the court under the MMBA.

 SCEO argues that even if the employees working in the municipal court are otherwise court employees, they should be permitted to bargain with the county. However, as might be expected, the MMBA grants employees the right to bargain only with their employer. Thus, section 3505 commands a public agency subject to the MMBA to bargain with "representatives of . . . recognized employee organizations, as defined in subdivision (b) of Section 3501, . . ." Subdivision (b) of section 3501 says, " 'Recognized employee organization' means an employee organization which has been formally acknowledged by the public agency as an employee organization that represents *employees of the public agency*." (Italics added.)

Section 74196 reinforces our conclusion that personnel working under the control of the municipal court are not employees of the county, because it is the latter group that furnishes the basis for parity with court attachés and employees. If personnel working under the control of the municipal courts were county employees, this statutory comparison would be meaningless.

Finally, as we have mentioned, we do not think the Legislature intended that employees subject to the control of one branch of government should bargain with another branch over the conditions of their employment.

Employees of the Sacramento Municipal Court have not been granted bargaining rights under the MMBA.

## DISPOSITION

The judgment is affirmed.

Carr, Acting P. J., and Sparks, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 18, 1988.