[No. D029301. Fourth Dist., Div. One. June 4, 1999.]

CHAKER SUIDAN, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III, IV.A and IV.C.

## COUNSEL

Frank E. Rogozienski and Rhoda L. White for Plaintiff and Appellant.

John J. Sansone, County Counsel, Diane Bardsley, Chief Deputy County Counsel, and William H. Songer, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**KREMER, P. J.**—Plaintiff Chaker Suidan appeals a judgment favoring defendants County of San Diego (County), the Superior Court of the County of San Diego (Superior Court), and Kenneth E. Martone on Suidan's complaint for violation of Government Code[2] section 69904, fraud, and breach of the implied covenant of good faith and fair dealing. Suidan contends the court erred in sustaining without leave to amend defendants' demurrer to his claim for breach of the implied covenant, granting defendants' motion for summary judgment/summary adjudication on his claim for violation of section 69904, and denying him leave to file an amended complaint alleging fraud against Martone. We affirm the judgment.

I

### INTRODUCTION

After 17 years of working for the county clerk and then the Superior Court, Suidan was discharged from his employment by the Superior Court's

---

[2]All statutory references are to the Government Code unless otherwise specified.

executive officer, Martone. After his employment termination was affirmed by the Superior Court's personnel committee, Suidan sued defendants in the federal district court on various theories based on his assertedly wrongful termination. Ultimately, the federal appellate court affirmed portions of a defense summary judgment, but reversed another portion of the summary judgment and remanded the matter to the federal district court. Upon remand, the federal district court granted another defense summary judgment on some of Suidan's claims and dismissed for lack of federal jurisdiction Suidan's remaining claim based on section 69904.[3]

Suidan then filed this lawsuit against defendants in state court for violation of section 69904, fraud, and breach of the implied covenant of good faith and fair dealing. On the ground of res judicata/collateral estoppel, the court sustained without leave to amend defendants' demurrer to Suidan's claim for breach of the implied covenant. Further, concluding section 69898[4] permitted the Superior Court to delegate to its executive officer the authority to remove Superior Court employees, the court granted defendants' motion for summary judgment on Suidan's claim for violation of section 69904. Finally, on the alternative grounds of res judicata/collateral estoppel and the statute of limitations, the court denied Suidan's request to file an amended complaint to allege with specificity a fraud claim against Martone.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV

### DISCUSSION

Suidan seeks reversal and remand for trial on his claim against the County and the Superior Court for breach of the implied covenant of good faith and

---

[3]Section 69904, subdivision (b) provides in relevant part: "All personnel appointed by the judges pursuant to this or any other section shall be exempt from civil service and shall be attachés of the court. They shall serve at the pleasure of a majority of the judges of the court and may at any time be removed by the majority of the judges in their discretion."

[4]Section 69898, subdivision (a) provides in relevant part: "Any superior court may appoint an executive officer who shall hold office at the pleasure of the court and shall exercise such administrative powers and perform such other duties as may be required of him by the court. The court shall fix the qualifications of the executive officer and may delegate to him any administrative powers and duties required to be exercised by the court. . . ."

*See footnote 1, ante, page 916.

fair dealing, his claim against the Superior Court for violation of section 69904, and his claim against Martone for fraud.

### A

#### *Demurrer to Suidan's Claim for Breach of Covenant of Good Faith and Fair Dealing\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### B

#### *Summary Judgment/Summary Adjudication on Suidan's Claim Under Section 69904*

In this lawsuit Suidan alleged that the Superior Court's actions in terminating his employment in March 1991 and attempting to terminate his employment retroactively in March 1996 were wrongful as not complying with section 69904. The court granted the Superior Court's motion for summary judgment/summary adjudication on Suidan's claim for violation of section 69904. In concluding the Superior Court properly delegated to its executive officer, Martone, the authority to terminate the employment of Superior Court employee Suidan, the court stated, "[T]he authority granted to superior courts pursuant to section 69898 to delegate to the court executive officer any administrative powers and duties required to be exercised by the court includes the authority to delegate the power to remove superior court employees."

Asserting the court's interpretation of section 69904 was an erroneous conclusion of law, Suidan contends the court should have determined that section 69904 imposes a nondelegable duty on the Superior Court judges to make employment termination decisions. According to Suidan, the only permissible delegation of authority by the Superior Court judges would be delegation of the implementation of an employment termination decision once the judges performed their obligation under section 69904 to exercise their discretion in making such decision. Suidan characterizes section 69904 as providing "the only thin thread that gives the appointed employee protection from a solitary arbitrary removal decision in the first instance" regardless of "subsequent review options, none of which satisfies the section 69904 imperative that a majority of the judges have exercised their discretion in [m]aking the decision." Hence, Suidan concludes he had a "viable statutory

---

*See footnote 1, *ante*, page 916.

cause of action" since the Superior Court judges assertedly did not exercise "their own administrative discretion in the original termination decision" and the 1996 retroactive termination was assertedly "an invalid exercise of judicial authority." However, as we shall explain, under section 69898 the Superior Court judges properly delegated to the court's executive officer, Martone, the authority under section 69904 to remove Superior Court employee Suidan, and Martone acted within such authority in March 1991 in terminating Suidan's employment.[20]

1

*Undisputed Facts*

For purposes of determining the propriety of the summary judgment/summary adjudication favoring the Superior Court on Suidan's claim for violation of section 69904, we state the facts in the light most favorable to Suidan. (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].)

On May 11, 1988, the Superior Court adopted personnel rules containing a provision delegating to the Superior Court's executive officer authority over personnel matters including removal of court employees.

On December 1, 1989, the Superior Court executive officer (Martone) wrote Suidan and offered him a position with the Superior Court. Martone's letter stated that Suidan would serve at the executive officer's pleasure, Suidan's position would be governed by the Superior Court's personnel rules, and Suidan would no longer be subject to civil service rules. Martone and his management support staff met personally with county clerk personnel before the transfer of Suidan and 295 other employees to the Superior Court and answered questions about posttransfer employment conditions. Suidan attended one such meeting. Martone personally participated in drafting documents that employees were required to sign in order to transfer.

On March 14, 1991, Martone terminated Suidan's employment without consulting beforehand with any Superior Court judge about such termination. Martone based his authority to terminate Suidan's employment on the Superior Court's personnel rules. Suidan sought review of Martone's decision by the Superior Court's personnel committee. The personnel committee affirmed the termination decision as within Martone's discretion.

---

[20]As noted, Suidan acknowledges that if defendants' "delegation theory is correct," the March 1996 vote by the judges was "a legal nullity."

In 1993 Suidan filed a first amended complaint in the federal district court involving the circumstances of his employment termination. Suidan appealed to the federal appellate court the summary judgment granted by the federal district court.

In November 1995 the federal appellate court remanded to the federal district court the issue whether the Superior Court judges had exercised their discretion under section 69904 to terminate Suidan's employment.

In March 1996, after remand of Suidan's federal lawsuit to the federal district court, the Superior Court judges voted to terminate Suidan effective retroactively to March 14, 1991.

2

*Analysis*

■ We examine the facts presented on the Superior Court's summary judgment/summary adjudication motion and independently determine their effect as a matter of law. (*Stratton* v. *First Nat. Life Ins. Co., supra,* 210 Cal.App.3d at p. 1083.) "We also conduct independent review of the trial court's determination of questions of law. We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale." (*Ibid.*; see also *Environmental Protection Information Center* v. *Department of Forestry & Fire Protection* (1996) 43 Cal.App.4th 1011, 1015-1016 [50 Cal.Rptr.2d 892].)

Section 69904, subdivision (b) provides that all personnel appointed by the judges "may at any time be removed by the majority of the judges in their discretion." Section 69898, subdivision (a) provides that any superior court "may delegate" to its appointed executive officer "any administrative powers and duties required to be exercised by the court." California Rules of Court, rule 207(1) states that the court executive officer shall "administer a court approved personnel plan" providing for, among other things, "removal of employees of the court." San Diego Superior Court Rules, former rule 4.3 provided that a court employee in Suidan's position "may be removed by the Executive Officer."

■ In sum, section 69898 expressly authorized the Superior Court to delegate to its executive officer any administrative powers and duties required to be exercised by the court. One such administrative power was set forth in section 69904, namely, the power to remove personnel appointed by the judges. Thus, under section 69898, the Superior Court could properly

delegate to its executive officer its section 69904 power of removal. Further, in accord with California Rules of Court, rule 207, the Superior Court by its personnel rules in fact delegated such removal power to its executive officer.

Our construction of section 69898 is consistent with case law construing such statute as permitting superior court judges to delegate to the court's executive officer various responsibilities for court personnel. (*American Federation of State etc. Employees* v. *County of San Diego* (1992) 11 Cal.App.4th 506, 516 [14 Cal.Rptr.2d 51]; *Sacramento County Employees Organization* v. *County of Sacramento* (1988) 201 Cal.App.3d 845, 852 [247 Cal.Rptr. 333]; *Service Employees Internat. Union* v. *Superior Court* (1984) 161 Cal.App.3d 1005, 1007-1008 [208 Cal.Rptr. 48].[21]) Citing case law including *Service Employees Internat. Union* v. *Superior Court,* the appellate court stated in *Sacramento County Employees Organization* v. *County of Sacramento*: "The lesson to be learned from these cases is that where courtroom personnel are subject to control by the county clerk, they may be found employees of the county. [Citation.] However, where courtroom personnel are under the exclusive control of the court (*through the executive officer or administrator of the court*), they are employees of the court." (201 Cal.App.3d at p. 852, italics added.) Similarly, following that line of authority, in *American Federation of State etc. Employees* v. *County of San Diego,* we stated that "court personnel under the exclusive control of the court (*through the executive officer or administrator of the court*; see § 69898[22]) are employees of the court . . . ." (11 Cal.App.4th at p. 516, italics added.)

---

[21]In *Service Employees Internat. Union* v. *Superior Court, supra,* 161 Cal.App.3d 1005, the appellate court faced the question whether courtroom clerks were county employees under a current memorandum of understanding between the county and a union. (*Id.* at pp. 1007-1008.) The superior court in that county had adopted a local rule (Super. Ct. Santa Clara County Rules, former rule 25) transferring from the county clerk to the superior court's executive officer various administrative duties and responsibilities with respect to the employment of certain specified personnel. (*Service Employees Internat. Union* v. *Superior Court, supra,* at pp. 1007-1008.) In concluding that courtroom clerks were not county employees subject to the current memorandum of understanding, the appellate court stated: "The current memorandum of understanding is applicable only to county employees, but it does not define the term. Under general principles of law, several factors—power of appointment, right to control, power to discharge, payment of salary, nature of services, civil service status—will enter into a determination whether a given person employed in a position related to [the superior court's] functions is a court employee or a county employee. [Citation.] Local Rule 25 represents a proper exercise of authority delegated to superior courts by virtue of Government Code section 69898 . . . ." (*Id.* at p. 1008.)

[22]In a footnote at this point, we noted that the Superior Court's personnel rules "provide for a court executive officer who oversees Superior Court personnel under the direction of the presiding judge. The personnel rules include detailed regulations on a wide range of matters dealing with Superior Court employees." (11 Cal.App.4th at p. 516, fn. 4.)

## 3

### *Conclusion*

On this record the summary judgment/summary adjudication favoring the Superior Court on Suidan's claim for violation of section 69904 must be affirmed.[23]

## C

### *Denial of Leave to File Amended Complaint to Allege Fraud Claim Against Martone\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V

### DISPOSITION

The judgment is affirmed.

Work, J., and McDonald, J., concurred.

---

[23]Since our conclusion is based solely upon statutory interpretation, we need not reach Suidan's assertions of evidentiary error with respect to portions of Martone's declaration submitted in support of defendants' motion for summary judgment/summary adjudication.

\*See footnote 1, *ante*, page 916.