## CRANE v. HIRSHFELDER *et als.*

THE true meaning of the statute (Pr. Act, sec. 390,) authorizing the Clerk to enter judgment upon an offer on the part of defendant to suffer judgment for a specified sum, etc., is, that he can enter judgment only where the offer is made *after* action is brought by the filing of the complaint and while pending; and where a party hands to the Clerk the complaint, offer of judgment and notice of acceptance of the offer, at *the same time*, and thereupon the Clerk enters judgment, it is void.

A judgment so entered is not merely irregular. The Clerk has no *power* so to enter it; and wherever, as in a few exceptional cases, the Clerk has power to enter judgments, he must pursue substantially the direction of the statute, or his acts will be invalid.

*Patrick* v. *Montader* (13 Cal.) was a case of mere irregularity, not affecting the jurisdiction.

APPEAL from the Seventh District.

This case was before this Court at the last January term, and is reported *ante*, 467, where the allegations of the complaint are substantially set forth. The cause having been retried, the allegations of the complaint were in the main found true; but it is deemed better to repeat them here in the shape of facts found by the Court.

On the twenty-sixth September, 1860, Erwin and Williams came into the Clerk's office of Alameda county, and Williams having

in his hands the note of Erwin, dated September 25th, 1860, for seven hundred and twenty-five dollars and fifty-seven cents, payable to Hirshfelder, Levy and Block, on demand, (which had been handed him by said payees to procure a judgment thereon against Erwin), and there in the Clerk's office Williams drew a complaint on the note, read it over to Erwin, and asked him to waive the issuing and service of summons, to which Erwin agreed. Williams then drew up a paper in which Erwin admitted service of summons and copy of complaint; and also, in the same paper, offered to allow judgment to be entered against him for seven hundred and twenty-five dollars and fifty-seven cents, and to this paper Erwin signed his name and delivered it to Williams.

Williams then drew up a notice that plaintiffs accepted the offer so made by Erwin, and delivered the same to Erwin, and also made an affidavit that he had served on Erwin a written acceptance of his offer to allow judgment, and then took said papers, viz: the complaint, admission, offer and his affidavit of acceptance of offer, and fastened or attached them all together, and in such form handed them to the Clerk and requested him to file said roll or bundle of papers and enter up a judgment against Erwin for seven hundred and twenty-five dollars and fifty-seven cents, the amount named in the offer.

The Clerk received this roll or bundle of papers all together and at one and the same time, and endorsed upon the outside page of the sheet of paper on which the complaint was written: "Filed, Sept. 26th, 1860, A. M. Church, Deputy Clerk;" and entered the judgment in question, as asked to do, this being the only endorsement of "filing."

Upon this judgment execution was on the same day issued, and the next day levied by the Sheriff on all of Erwin's property, subject to execution, to wit: cows, calves, cart, buggy and harness, poultry and hay, in all worth five hundred dollars.

The Sheriff was about proceeding to sell, when, on the eighth of October, 1860, plaintiff Crane, being a creditor of Erwin to the amount of six hundred dollars and over, as holder of two of his notes dated January 3d, 1860, and payable July 1st and October 1st, 1860, sued him in the same Court and had an attachment levied on the same property. Erwin is insolvent.

The note made by Erwin to defendants, Hirshfelder, Levy and Block, was for a valuable consideration and the judgment thereon obtained in good faith.

From the foregoing facts the Court below held the judgment of H. L. and B. against Erwin to be valid, and hence gave judgment for defendants. Plaintiff appeals.

*A. A. Cohen,* for Appellant.

*Pratt and Wheeler,* for Respondents.

The points and authorities of counsel are not given, because they are substantially embraced in the first report of the case.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We think that the true meaning of the statute authorizing judgment to be entered by the Clerk upon an offer on the part of the defendant to suffer judgment for a specified sum, etc., is that judgment can be entered only when the offer is made *after* action is brought and while pending. To hold that a party may make out a complaint and then get the defendant to acknowledge service, and to offer to pay all or a portion of an assumed demand, and then for the plaintiff to file these papers, as parts of an entire arrangement, with the Clerk, and have him enter a judgment, which would be binding, is simply to hold that the safeguards which the law has thrown around confessions of judgment by a debtor, and which cautionary provisions are for the security of creditors, are nugatory. It would prove a successful device to cover the property of the debtor, without exposing the fraudulent actors to criminal responsibility. The statute against voluntary assignments and the statute in reference to confessed judgments would both be at the mercy of a debtor who desired to put his property out of his hands and defeat his creditors by a secret arrangement of this sort, which would devolve upon the assailing party the *onus* of showing—what it frequently might be difficult to do—that the proceedings were fraudulent.

It is not necessary to consider whether the answer sufficiently controverts the averments of the bill. It may be observed, how-

Crane *v.* Hirshfelder.

ever, that the whole case, and the qualified terms in which the different answers are couched, certainly wear a suspicious appearance. We prefer to place the case upon the broader ground that the Clerk having no power to enter the judgment, except in a given category, namely, when the offer is made while the cause is pending—*i. e.* after action commenced by the filing of the complaint—the judgment entered under the circumstances characterizing this case is void. It seems that the attorney handed all the papers, complaint, offer, etc., attached together, to the Clerk at the same moment. Of course, at the time of the offer, there could have been no cause pending, the Clerk having neither received or filed the complaint.

We do not regard this as a mere irregularity, but as a question of power in the Clerk—just as if the statute provided that the Clerk might enter judgment by default by the written consent of the defendant, filed ten days after service of process, and the Clerk entered the judgment on the day of the service. The Clerk has no general jurisdiction or power to render, or of his own motion, and as his act, to enter judgments; and when in a few exceptional cases the statute confers a power of this sort, as he looks to the statute for the source of his authority, so he must pursue, at least substantially, the directions of the statute, in order to impart validity to his acts. This is the rule with all special tribunals, and all agents acting under special and limited statutory authority. In other words, as they derive their whole powers, both as to fact and mode, from the statute, they must show that the particular act done was authorized by the statute, and performed in the manner prescribed by it.

This view distinguishes this case from *Patrick* v. *Montader,* (13 Cal.) which was the case of a mere irregularity, not affecting the jurisdiction, and in which case the attaching creditor was allowed in equity to retain a legal advantage, though irregularly obtained. But here there was no legal advantage, but the defendants are seeking to enforce a judgment void in itself for want of authority in the Clerk to enter it.

Judgment reversed and cause remanded.