[Civ. No. 20037. Fourth Dist., Div. Two. Dec. 5, 1978.]

WILLIAM E. ST. JOHN, as County Clerk, etc., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent.

## COUNSEL

Adrian Kuyper, County Counsel, Robert F. Nuttman, Assistant County Counsel, and Richard D. Oviedo, Deputy County Counsel, for Petitioner.

Kaplan, Livingston, Goodwin, Berkowitz & Selvin, Ralph H. Nutter and Herman F. Selvin as Amici Curiae on behalf of Petitioner.

Lascher & Wilner, Edward L. Lascher and Wendy Cole Wilner for Respondent.

## OPINION

**MORRIS, J.**—Petitioner, William E. St. John, County Clerk of the County of Orange and ex officio Clerk of the Superior Court of Orange County, seeks a peremptory writ of mandate to compel respondent superior court to vacate its adoption of, and refrain from implementing, Orange County Superior Court rule 9, section 3.

On August 25, 1977, respondent court, purporting to act pursuant to authority granted by Government Code section 69898, subdivisions (c) and (d), adopted rule 9, effective October 1, 1977. On September 29, 1977, implementation of section 3 of rule 9 was suspended, subject to reinstatement upon 30 days' notice. On March 29, 1978, respondent court

gave 30 days' notice of implementation of section 3 of rule 9 effective May 1, 1978. This court has issued an alternative writ of mandate, and implementation of rule 9, section 3 has been stayed pending determination of the writ.

Government Code section 69898 provides in pertinent part as follows:

"(c) In every superior court having an executive or administrative officer appointed under the provisions of this section or under a specific statutory authorization, that officer has the authority of a clerk of the superior court.

"(d) Notwithstanding any other provision of law, a superior court having an executive or administrative officer may, by local rule, specify which of the powers, duties and responsibilities required or permitted to be exercised or performed by the county clerk in connection with judicial actions, proceedings and records shall be exercised or performed by the executive or administrative officer. The county clerk shall be relieved of any obligation imposed on him by law with respect to these specified powers, duties and responsibilities, to the extent the local rule imposes on the executive or administrative officer the same powers, duties and responsibilities."

Rule 9, section 3 provides: "Pursuant to the authority contained in Government Code section 69898 the Superior Court Executive Officer shall, under the direction of the Presiding Judge, exercise all of the powers, duties and responsibilities required or permitted to be exercised by the County Clerk in his capacity as Clerk of the Superior Court in connection with all judicial actions, proceedings and records authorized or required under any statute, law or rule of the State of California. Specifically these duties shall include the filing, indexing and processing of all adoption proceedings, civil proceedings, criminal proceedings, probate proceedings, proceedings under the Family Law Act, proceedings of the Juvenile Court, appellate proceedings, naturalization proceedings and such other proceedings as may fall within the jurisdiction of the Superior Court, including the collection and disbursement of all filing fees, fines and forfeitures. Specifically excluded shall be the issuance of marriage licenses and the filing and indexing of fictitious firm names, partnership and corporation documents, business and professional licenses and such other duties of the County Clerk not directly related to the duties of a Clerk of the Superior Court. The Executive Officer shall attend each session of the Superior Court pursuant to Government Code

Section 69841 and shall have the responsibility for and the direct supervision over all functions performed in accordance with the duties of Clerk of the Superior Court including the supervision of all personnel whose principal activities are to serve and support the Court. Management of the operating units established to perform duties cited above as well as the administration and technical support thereof are specifically included in the responsibilities of the Executive Officer."

Petitioner contends that Government Code section 69898, subdivisions (c) and (d) is unconstitutional in the light of California Constitution, article VI, section 4, which provides that the county clerk is ex officio clerk of the superior court;[1] that if Government Code section 69898, subdivisions (c) and (d) can be construed as being constitutional, then rule 9, section 3, is an unconstitutional application thereof.

Although in its return to the alternative writ, the respondent court denies certain allegations of the petition as being argumentative and conclusionary, said respondent agrees that the effect of rule 9, section 3 will be to transfer all court-related functions of the superior court clerk to the executive officer, that being the specific intention of the court in adopting the rule.

Respondent contends that petitioner's case must stand or fall on the determination of the constitutionality of the statute. Respondent's argument is that if the statute is valid on its face, that determines the inquiry because the contention of invalid application is premature until the rule is actually applied.

We are thus confronted at the outset with the question whether the petition presents a justiciable controversy prior to implementation of rule 9, section 3. We have concluded that it does.

"The concept of justiciability involves the intertwined criteria of *ripeness* and *standing*. A controversy is 'ripe' when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made. One who invokes the judicial process does not have 'standing' if he, or those whom he properly

---

[1]California Constitution, article VI, section 4, provides: "In each county there is a superior court of one or more judges. The Legislature shall prescribe the number of judges and provide for the officers and employees of each superior court. If the governing body of each affected county concurs, the Legislature may provide that one or more judges serve more than one superior court.

"The county clerk is ex officio clerk of the superior court in the county."

represents, does not have a real interest in the ultimate adjudication because the actor has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented." (*California Water & Telephone Co. v. County of Los Angeles* (1967) 253 Cal.App.2d 16, 22-23, fns. omitted, italics added.)

■ Respondent does not argue that petitioner does not have standing, but rather that the action is premature because "there is no reason to assume that the legislative authority will be *misapplied* until it is *applied.*"

Petitioner clearly has standing to seek a determination whether rule 9, section 3 transfers to another the powers, duties, and obligations imposed upon him by the state Constitution. It is therefore only necessary to determine whether that controversy is ripe for adjudication.

By resolution adopted on March 29, 1978, the respondent court reinstated section 3 of rule 9, effective May 1, 1978, and ordered that the resolution be transmitted to the Orange County Board of Supervisors forthwith, such action constituting 30 days' notice of reinstatement of the rule. The resolution further authorized the presiding judge and the executive officer to proceed to implement the rule. In view of this action, there clearly exists a real and substantial controversy which is definite and concrete and admits of "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (*Aetna Life Ins. Co. v. Haworth* (1937) 300 U.S. 227, 241 [81 L.Ed. 617, 621, 57 S.Ct. 461, 464, 108 A.L.R. 1000]; *LePage v. City of Oakland* (1970) 13 Cal.App.3d 689, 692 [91 Cal.Rptr. 806].) The action is not premature.

I.  Constitutionality of Government Code section 69898, subdivisions (c) and (d).

■ Keeping in mind that all presumptions and intendments favor the validity of a statute, and that it must be upheld unless its unconstitutionality clearly, positively, and unmistakably appears (*People v. Mel Mack Co.* (1975) 53 Cal.App.3d 621, 629 [126 Cal.Rptr. 505]), we turn to a consideration of section 69898 in its constitutional context.

■ Article VI, section 4 provides that the county clerk is ex officio clerk of the superior court of the State of California in his particular county. This simply means that the county clerk is also the clerk of the

superior court. It makes no difference whether the law declares in terms that the county clerk shall also be the clerk of the superior court, or declares that the clerk shall be ex officio clerk of the superior court. (See *People* v. *Durick* (1862) 20 Cal. 94, 95.) The clerk of the superior court therefore is by article VI, section 4 a constitutional officer, and not subject to appointment or removal by the court. (See *Houston* v. *Williams* (1859) 13 Cal. 24, 28.) Nevertheless, as respondent reminds us, the same article VI, section 4, which creates the office also empowers the Legislature to "provide for the officers and employees of each superior court," and in article XI, section 1, subdivision (b) it is provided that "the Legislature or the governing body" may provide for county officers other than the governing body.

It has been held that the Legislature has plenary power to fix the duties of all county officers. (*Nicholl* v. *Koster* (1910) 157 Cal. 416, 421 [108 P. 302].) Respondent contends that the effect of the two constitutional provisions is to grant the Legislature plenary power to fix the duties of the superior court clerk. ■ While it is true that the Constitution does not specifically prescribe the duties of the court clerk, there are certain duties so essential to the nature of the office that the naming of the office in the Constitution is sufficient to establish those duties, so that the Legislature need not prescribe them and may not abolish them. Within constitutional limits, however, the Legislature is empowered to prescribe the duties both of the county clerk and the superior court clerk. Notwithstanding this legislative power, the two offices are separate and distinct offices. ■ "Where a public officer is declared by law by virtue of his office—*ex officio*—to be also the incumbent of another public office, the two offices are as distinct as though occupied by different persons." (*Union Bk. & Tr. Co.* v. *Los Angeles Co.* (1934) 2 Cal.App.2d 600, 608-609 [38 P.2d 442]. Disapproved on other grounds.)

Moreover, in exercising its authority to prescribe the duties of the respective offices, the Legislature has maintained the distinction between the offices by prescribing certain duties to be performed by the county clerk and other duties to be performed by the superior court clerk. Generally, the duties of the county clerk are set forth in Government Code sections 26800-26808 and the duties of the clerk of the superior court in Government Code sections 69841-69847.[2]

---

[2]*County Clerk*
Section 26800 simply paraphrases the constitutional mandate by providing that "The county clerk shall act as clerk of the superior court in and for his county."
Section 26801 provides that he shall act as clerk to the Board of Supervisors in his county.

As can be seen by an examination of these sections, while the duties of the county clerk and the superior court clerk are sometimes related, they are nevertheless identified as being the duties of one or the other. Moreover, a careful analysis of the enumerated duties reveals that those duties specified as belonging to the clerk of the superior court are ministerial duties that historically have been performed by the clerk of the court and are essential to the functioning of the court, whereas the duties allocated to the county clerk involve record keeping and certain

Section 26802 refers to the duties of the county clerk under the Elections Code.

Section 26802.5 makes an exception to section 26802 for counties of a certain population.

Section 26803 charges him with the duty to safely keep, or dispose of, pursuant to law, all books, papers and records filed with him pursuant to law.

Section 26803.5 provides for keeping by the county clerk of regulations, California Administrative Codes and the California Administrative Register and for keeping them available for public inspection.

Section 26804 provides for certification by the county clerk of all commitments to any public institutions in the state.

Section 26806 provides for the employment by the county clerk of foreign language interpreters for all of the courts in the county, and "the county clerk, as clerk of the superior court, shall, when interpreters are needed, assign the interpreters so employed to interpret in criminal and juvenile cases in the superior court. . . ." The county clerk is further authorized to assign interpreters to interpret in civil cases when their services are not required in criminal and juvenile cases.

Section 26807 provides for an official seal for the county clerk when performing official duties "other than ex officio duties."

Section 26808 provides for distribution of lists of family planning and birth control clinics to marriage license applicants.

Sections 26820 through 26861 relate to the fees to be collected by the county clerk for numerous duties to be performed.

*Superior Court Clerk*

Section 69841 provides that the "clerk of the superior court shall attend each session of the superior court in his county . . . ."

Section 69842 provides that the clerk of the superior court shall maintain indexes of civil plaintiffs and civil and criminal defendants.

Section 69843 provides that the clerk of the superior court shall issue all process and notices required by law to be issued.

Section 69844 requires the keeping of superior court minutes, and entry of orders and judgments.

Section 69844.5 authorizes the use of photographic or microfilm records of minutes, judgments, orders, and decrees.

Section 69844.7 provides that notwithstanding provisions of law to the contrary, in those counties where court order or rule requires the clerk of the superior court to place individual minute orders in the court's file of actions the clerk shall do so.

Sections 69845-69845.5 require the keeping of a register of actions which may be maintained by mechanical means.

Section 69846 requires the clerk of the superior court to safely keep or dispose of according to law all papers or records filed or deposited in any action or proceeding before the court.

Section 69846.5 provides for the endorsement of filing date on each paper filed with the court.

Section 69847 provides for the keeping of naturalization records.

administrative functions. It is the office of county clerk that is a county office. (Gov. Code, §§ 24000-24355.2.) It is the county clerk who has the power of appointment and removal of deputies. (Gov. Code, § 24101; see also 4 McQuillin, Municipal Corporations (3d ed. 1968) § 12.229b, pp. 217-218.) Therefore, it is the county clerk who exercises the general administrative function with respect to deputy clerks, and since the county clerk is also superior court clerk, the deputy court clerks are under his jurisdiction except to the extent they are controlled by the court.

■ In view of the legislative recognition of the county clerk-superior court clerk dichotomy, we cannot assume that the reference in Government Code section 69898, subdivision (d) to the "county clerk" instead of the "clerk of the superior court" was inadvertent. On the contrary, when the Legislature authorized a superior court to transfer from the *county clerk* to the court's executive officer certain "powers, duties and responsibilities required or permitted to be exercised or performed by the *county clerk* in connection with judicial actions, proceedings and records," we are not required to interpolate "in his capacity as superior court clerk." The two offices are separate and distinct, and we will not attribute to the Legislature an intent to authorize the transfer of powers of one office when it specified the transfer of the powers of another. Such judicial rewriting should most certainly be avoided where to do so would raise grave questions concerning the statute's constitutionality.

Read in this manner there is no question that the Legislature acted within constitutional limits in enacting section 69898. The section simply authorizes a superior court to transfer from the county clerk to the court's executive officer functions performed by the county clerk (as county clerk) in connection with judicial actions, proceedings and records. The transfer of functions prescribed by law to be performed by the clerk of the superior court are not within the authority granted by section 69898. The superior court clerk is charged with the following duties: to attend each session of the superior court in his county (Gov. Code, § 69841), to keep plaintiff and defendant indexes (Gov. Code, § 69842), to issue all process and notices required by law to be issued (Gov. Code, § 69843), to keep superior court minutes, and enter all orders and judgments (Gov. Code, § 69844), to keep a register of actions (Gov. Code, § 69845), and to safely keep or dispose of according to law all papers or records filed or deposited with the court (Gov. Code, § 69846). (See fn. 2, *ante.*) They are by virtue of the statute left to be performed by the person who holds the office of county clerk in his capacity as superior court clerk subject to control and supervision of the court.

This is not to say that the Legislature could not, if it had elected to do so, have enacted a law diminishing the duties of the superior court clerk, and allocating to the executive officer certain duties previously performed by the clerk. Since, as we have previously observed, the Legislature is generally entrusted with the authority to prescribe the powers and duties of the office, those powers and duties may be increased or diminished, provided that, in the case of a constitutional office, a proper distinction is maintained between diminution of duties and destruction of the office. (See *Ward* v. *Whitfield* (1931) 224 Ala. 277 [139 So. 277, 278].)

The fact is that there is nothing in the language of section 69898 that compels an interpretation that the statute was intended to diminish, much less destroy, the constitutional office of superior court clerk. Even subdivision (c) of section 69898, which states that the executive or administrative officer of a superior court "has the authority of a clerk of the superior court" may reasonably be interpreted simply to mean that such officer may exercise that authority in the same manner as a deputy clerk. (See *Union Bk. & Tr. Co.* v. *Los Angeles Co., supra,* 2 Cal.App.2d 600, 607-608, for discussion re authority of a deputy clerk of the court.) Keeping in mind that courts should, when possible, construe legislation to be constitutional (*Braxton* v. *Municipal Court* (1973) 10 Cal.3d 138, 145 [109 Cal.Rptr. 897, 514 P.2d 697]), we find no conflict between the Constitution and Government Code section 69898, subdivisions (c) and (d) as construed herein.[3]

We are aware that the interpretation of section 69898 herein adopted is substantially more limited than that urged by either petitioner or respondent. Nevertheless, it is consistent with the language of the statute, it serves the legislative purpose, and it does not suffer from the constitutional infirmity urged by petitioner.

Government Code section 69898 represents an effort by the Legislature to assist superior courts of three or more judges to more efficiently manage the administrative duties arising in multi-judge courts. Many of the increased problems of administering multi-judge courts involve the

[3]We reject as specious respondent's contention that the ex officio language used in article VI, section 4, was inserted to authorize the county clerk, an officer in the executive branch of government, to exercise functions of a superior court clerk, an officer in the judicial branch, for the sole purpose of avoiding the constitutional prohibition contained in California Constitution article III, section 3. Article III, section 3, has no application to one performing simply ministerial functions, but has as its purpose the prevention of "the combination in the hands of a single person or group of the basic or fundamental powers of government." (*Parker* v. *Riley* (1941) 18 Cal.2d 83, 89 [113 P.2d 873, 134 A.L.R. 1405]; *People* v. *Provines* (1868) 34 Cal. 520, 536 et seq.)

control and supervision of functions of the office of the clerk of the superior court.

As we have seen, all of the duties pertaining to the office of superior court clerk, whether essential to the office or specifically prescribed by statute, are ministerial functions necessarily subject to the control of the judges of the court so far as essential to the proper administration of justice. (See *Houston* v. *Williams, supra,* 13 Cal. 24, 27-28.) As the size of the courts and volume of court business has increased, the ability of the judges personally to control the administration of the court machinery has diminished. As the expanding courts required administrative assistance, it was natural for these functions to be assumed by the county clerks along with the related functions already being performed by them as county officers. Thus, the elected county clerks, frequently untrained in matters of court administration, have been permitted to assume many administrative duties in connection with judicial proceedings, including but not limited to the control of their deputy clerks whose principal activities are to serve the courts (including the deputy clerks actually serving as courtroom clerks), the training and assignment of deputy court clerks to the various courtrooms, the establishment of procedures to be followed by deputies in the performance of their court related duties, the control of court calendars, the circulation of court files even when required by the courts, and the staging of court related ceremonial proceedings.

The right to control its records and proceedings necessarily rests with the courts. To the extent the county clerk has performed these functions he has done so by the sufferance of the superior court judges in his capacity as the county clerk and not by virtue of his position as superior court clerk.

The compelling need for the superior courts to recover control of the administration of the courts, as demonstrated by the conflict between petitioner and respondent herein, sufficiently justifies the legislative choice of language to effectuate the legislative purpose. Clearly, increased effectiveness of court administration can be assisted, not by abolishing the office of superior court clerk, but rather by restoring to the courts control of the administrative process which has been assumed by the county clerks. Viewed in the light of this obvious legislative goal, the grant of authority to the court to specify which of the powers, duties, and responsibilities required or *permitted* to be exercised or performed by the *county clerk* in connection with judicial actions, proceedings, and records

shall be exercised or performed by the executive officer chosen by the court simply authorizes a superior court to designate its executive officer as the person who will thereafter function as court administrator so that the court will have the assistance it needs to control and supervise the judicial proceedings.[4]

## II. Validity of rule 9, section 3 of the Orange County Superior Court.

■ In view of the above analysis of the purpose and effect of Government Code section 69898, subdivisions (c) and (d), we must conclude that rule 9, section 3 exceeds the authority granted. Rule 9, section 3 purports to transfer to the superior court executive officer all of the powers, duties and responsibilities required or permitted to be exercised by the county clerk in connection with judicial matters, not in his capacity as county clerk as the statute specifies, but "in his capacity as clerk of the superior court." Moreover, to remove any doubt about the court's intent, the rule specifically enumerates the duties transferred, and includes all of the essential duties of the superior court clerk as prescribed in various state statutes.

We conclude that rule 9, section 3 if implemented would have the effect of abolishing an office established by the Constitution. Such action is not authorized by Government Code section 69898, and such action is unnecessary since the court has the inherent power to control its own proceedings.

If there is, as respondent contends, a crisis in judicial administration currently facing California courts and the Orange County Superior Court in particular, the respondent has failed to demonstrate that the abolition of the office of superior court clerk is necessary to alleviate it. There is no showing that actions within the limits set by Government Code section 69898 to retrieve control of the administration of the courts, which power

---

[4]The Bill Digest of Assembly Bill No. 4071 (1975-1976 Reg. Sess.) in the Assembly Committee on Judiciary contains the following comment on the purpose of the legislation.

"The proponents indicate that the current law which authorizes appointment of an executive officer in superior courts of seven or more judges is unduly restrictive. They assert that management and administrative problems increase with additional judges and that there is often the need for a full-time administrator in a court of three or more judges.

"This bill clarifies the roles of superior court administrators and county clerks. Apparently, superior court judges have indicated that the existing law regarding court clerks inhibits a practical allocation of duties between clerks and administrators. Apparently, there are areas where clerks and administrators duties overlap such as in calendaring and docket control."

has been permitted to be exercised by the county clerk, would not abate the crisis.

If the county clerk in his capacity as superior court clerk refuses to serve the court and to obey the lawful orders of the court, the court has ample power to resolve the problem short of abolishing the office.

For the reasons hereinabove set forth, the peremptory writ should issue.

Kaufman, Acting P. J., and McDaniel, J., concurred.